**Alberto R. TEJADA, Petitioner,**

v.

**Andrea J. CABRAL, Paul B. Cervizzi, and Bruce Chadbourne in their official capacities, Respondents.**

**No. CIV.A. 06–10457–WGY.**

United States District Court, D. Massachusetts.

March 23, 2006.

## ORDER

YOUNG, District Judge.

The petitioner, Alberto R. Tejada ("Tejada"), has moved for reconsideration of this Court's Order of Dismissal [Doc. No. 4] entered on March 15, 2006. *See* Motion to Recons. [Doc. No. 5]. Upon such reconsideration the Court hereby allows that motion and vacates the original order.

Tejada was convicted in Massachusetts state court for possession with intent to distribute and distributing a controlled substance, thus rendering him deportable. The Department of Homeland Security (the "Department") has, in fact, ordered him deported. Tejada brought this petition for a writ of habeas corpus under Title 28, Section 2254 of the United States Code, challenging his state court conviction based on a claim of ineffective assistance of counsel. Tejada does not here challenge the Department's order of removal. He has, however, moved to stay his deportation pending resolution of this petition. Mot. for Stay of Removal Pending Adjudication of Pet. for Writ of Habeas Corpus [Doc. No. 3].

The REAL ID Act of 2005, Pub.L. No. 103–13, Div. B., 119 Stat. 231, 302 (May 11, 2005), has severely restricted this Court's jurisdiction in matters regarding the detention and deportation of immigrant aliens. Specifically, it provides that "[n]otwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section[ ] ... 1651 of such title, ... no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [various sections of the United States Code]." 8 U.S.C. § 1252(a)(2)(C). Instead, such petitions are to be brought in the appropriate courts of appeals. *Id.* §§ 1252(a)(2)(D), 1252a(5).

Eduardo A. Masferrer, Masferrer & Hurowitz, P.C., Boston, MA, for Petitioner.

■ Despite all the potential conscience-shocking consequences of the REAL ID Act, *see, e.g., Enwonwu v. Chertoff,* 376 F.Supp.2d 42 (D.Mass.2005), Tejada is correct that the act did not work a general deprivation of this Court's jurisdiction to entertain petitions pursuant to Title 28, Section 2254 of the United States Code simply because the petitioner happens to be an immigrant alien. It only deprived this Court of jurisdiction over petitions which challenge "any final order of removal". As noted above, Tejada challenges only his underlying state conviction, not the Department's order of removal. This Court, therefore, properly has jurisdiction over Tejada's petition. *See United States v. Griffith,* No. CRIM. 3CR040004, 2005 WL 2648340, at *1 n. 4 (M.D.Pa. Oct. 17, 2005); *Barnes v. New York,* No. 05–CV–3423 NGG, 2005 WL 1984462, at *1 n. 4 (E.D.N.Y. Aug 17, 2005).

■ One thing the REAL ID Act certainly did do, however, was emphatically to declare that this Court was not in any way to impede orders of removal. *See* 8 U.S.C. § 1252(a)(2)(C). Title 28, Section 1651 of the United States Code grants courts the general power to "issue all writs necessary or appropriate in aid of their respective jurisdiction". A "stay" is just such a writ and would be appropriate in this case, given that the Department could remove Tejada and, at any time, render moot his petition (which is dependent on "the body"). The REAL ID Act, however, stripped this Court of its jurisdiction to issue such a stay—and Tejada's right to receive one from this Court. 8 U.S.C. § 1252(a)(2)(C). Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals. 8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5). Even though this court properly has jurisdiction of his habeas petition, Tejada must therefore request a stay of his order of removal from the appropriate court of appeals. *See Santos v. Payant,* No. 04 Civ. 8705(NRB), 2005 WL 1431688, at *1 (S.D.N.Y. June 17, 2005).

This does, of course, present the unpleasant possibility that Tejada may well be removed from the United States on the basis of a state conviction which is constitutionally infirm. That apparently is the wish of the Congress. So be it. In the meantime, this Court will make every effort to prevent such injustice and to expedite review of Tejada's petition for the Great Writ.

Tejada's Motion to Reconsider [Doc. No. 5] is ALLOWED. The Court's Order of Dismissal [Doc. No. 4], *Tejada v. Cabral,* 2006 WL 661768 (D.Mass. Mar. 15, 2006), is hereby VACATED. Tejada's Motion for Stay of Removal Pending Adjudication of Petition for Writ of Habeas Corpus [Doc. No. 3] is DENIED.

SO ORDERED.